### STATE v. HAMMOND.

CONSTITUTION—SPECIAL LAWS.—An act enacted previous and incorporated in the Code of Laws of 1902, making it a misdemeanor to fail to clean out running streams in certain counties in the State after notice, is in violation of art. III., sec. 34, of Constitution, and void.

Before GAGE, J., Anderson, February, 1902. Affirmed.

Indictment against W. Q. Hammond for failure to clean out stream after notice. From Circuit order reversing judgment of magistrate, plaintiff appeals.

*Messrs. Solicitor Boggs* and *B. F. Martin,* for appellant. (For citations see same case *ante.*)

*Messrs. Tribble & Prince* and *Bonham & Watkins,* contra. (For citations see same case *ante.*)

May 18, 1903. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. Proceedings were had in a magistrate's court in Anderson County, in this State, by which the defendant was charged and tried for a misdemeanor, in that the defendant had violated sections 1273 and 1274 of the Revised Statutes of the year 1893, which required that the defendant as a land owner should remove during the month of May, 1901, from the Little Beaver Dam Creek, running through his land, all trash, trees, rafts and timber, which duty the defendant neglected to perform.

When the trial began, the defendant objected thereto; first, because he alleged the said sections 1273 and 1274 were not included in the new Code of Laws. This, however, was a mistake, because section 184 of the Criminal Code, adopted in 1902, cover the provisions of sections 1273 and 1274 of the Revised Statutes of 1893.

Then he objected, because said sections 1273 and 1274 were unconstitutional. The magistrate overruled this objection, but on hearing defendant's appeal therefrom, the Circuit Judge, Judge Gage, sustained the appeal and ordered the judgment below reversed, and directed that the prosecution be dismissed. No reasons were given by the Circuit Judge for his judgment, but it is evident that he bottomed his action upon the unconstitutionality of the law hereinbefore referred to. This Court has several times, during the year and even before that period of time, held that whenever the legislature of this State disregarded the terms of the

Constitution of 1895 by attempting to pass special instead of general laws, such efforts were nugatory. So, therefore, when the legislature in 1902 re-enacted the provisions of sections 1273 and 1274 of the Revised Statutes of 1893, and confined the operation of said sections to the counties of Anderson, Chester, Greenville, Oconee, Union, Fairfield, Laurens, Newberry, Abbeville, Pickens, Spartanburg and York, exempting all the other counties of the State from the operation of such sections 1273 and 1274, such action of the legislature was null and void, because at variance with the provisions of the Constitution of this State in section 34, of article III. It is not necessary to repeat the views so recently announced in the MSS. opinion of this Court in the case of the *State* v. *W. Q. Hammond*, which construed the provisions of our Constitution as it affected section 1275 of the Revised Statutes of this State adopted in 1893.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.