## 20035

STATE OF SOUTH CAROLINA ex relatione Daniel R. McLEOD, Attorney General, Appellant, v. Carl KNIGHT, as Sheriff of Dorchester County, South Carolina, and all other peace officers in Dorchester County, South Carolina, similarly situated, et al., Respondents.

(216 S. E. (2d) 190)

*C. Tolbert Goolsby, Jr., Dep. Atty. Gen.,* of Columbia, *for Plaintiff,*

*Messrs. Sidney B. Jones, Jr., of Walker, Jones, Smith, Bailey and Bailey, Summerville, and James A. Bell, of St. George, for Defendants,*

June 16, 1975.

*Per Curiam:*

This action, brought in the original jurisdiction of the Court by the Attorney General, challenges the constitutionality of Act No. 129 of the 1975 Acts of the General Assembly, approved May 5, 1975, by which a Family Court of Dorchester County is created.

Act No. 129 establishes a Family Court for Dorchester County pursuant to the provisions of the general Family Court Act of 1968 (Act No. 1195). The Family Court Act of 1968 does not require the establishment of a Family Court

for every county, but permits the creation of such courts under its uniform provisions. Family Courts have been established in some of the counties.

It is the position of the Attorney General that Act No. 129 is unconstitutional in that the court created thereunder is not a part of a unified judicial system as required by Article V, Section 1, of the State Constitution, ratified April 4, 1973.

The respondents take the position, on the other hand, that, since Act No. 129 creates a Family Court for Dorchester County pursuant to the uniform provisions of the general Family Court Act of 1968, the Family Court, so created, is uniform in all respects with all other Family Courts established under the general Act and, therefore meets the requirements for a uniform judicial system mandated by Article V, Section 1, of the Constitution.

The reasoning and result of our recent decision in ██ *Cort Industries Corp. v. Reid*, S. C., 213 S. E. (2d) 445, applies with equal force to Act No. 129, here involved, and renders it equally violative of Article V, Section 1. Under this constitutional provision, courts may no longer be created except as a part of a statewide unified judicial system.

The fallacy in respondents' position lies in the fact that the 1968 Family Court Act did not create a unified and uniform statewide family court system, but simply provided that thereafter family courts, when and as created, must comply with the provisions of the general Act. The effect of adopting respondents' argument would be to indefinitely postpone the implementation of the directive of the people that the judicial power "shall be vested in a unified judicial system."

A unified judicial system, in the present constitutional sense means a statewide system. The piecemeal alteration of the court structure, with the establishment of a state-

wide unified system indefinitely postponed, as is the case under the general Family Court Act of 1968, fails to meet the requirements of Article V, Section 1.

Act No. 129 of the 1975 Acts of the General Assembly is, accordingly, hereby declared unconstitutional and any implementation of its provisions is enjoined.