## 20053

STATE of South Carolina ex relationie Daniel R. McLEOD, Attorney General, Petitioner, v. The CIVIL AND CRIMINAL COURT OF HORRY COUNTY, South Carolina, et al., Respondents.

(217 S. E. (2d) 23)

*Daniel R. McLeod, Atty. Gen., J. C. Coleman* and *C. Tolbert Goolsby, Jr., Dep. Atty. Gen.,* and *A. Camden Lewis,* and *Karen LeCraft Henderson, Asst. Attys. Gen.,* of Columbia, *for Petitioner,*

*Messrs. James P. Stevens,* of Loris, and *John Jackson Thomas,* of Myrtle Beach, *for Respondents,*

July 9, 1975.

*Per Curiam:*

In view of the concessions made by the parties, the sole issue in this action concerns the constitutionality of Act No. 246 of the 1973 Acts of the General Assembly, approved May 24, 1973, creating an additional associate judge for the Civil and Criminal Court of Horry County. The Horry County Court was originally established in 1953, Section 15-1631.1 *et seq.* of the 1962 Code of Laws; and Act No. 246 is an amendment to the original Act.

Article V, Section 1, of the Constitution provides that:
"The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."

In order to avoid invalidating, immediately, all statutorily created courts which were not of uniform jurisdiction and part of a unified judicial system, Section 22 of Article V was adopted and provides:

"Notwithstanding the provisions of this Article, any existing court may be continued as authorized by law until this Article is implemented pursuant to such schedule as may hereafter be adopted."

Under the provisions of Act No. 503 of the 1973 Acts of the General Assembly, all existing courts were continued in existence until such time as Article V of the Constitution has been implemented. The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.

It is contended that Act No. 246, creating an associate judge for the Horry County Court, violates Article V, Section 1, of the Constitution in that the judgeship created was not for a court having uniform jurisdiction with other courts established by general law.

Respondents contend, on the other hand, that the creation of an additional judgeship for the Horry County Court related solely to court personnel and did not amount to the creation of a court within the contemplation of Article V, Section 1. Respondents attempt to draw a distinction between the *court* and the *judge* and argue that proscribing the creation of a court would not bar the addition of another judge to an existing court.

Article V, Section 1, directs that a unified and uniform judicial system be created; and any alteration or extension of the present system, other than as so mandated, is unconstitutional.

In so far as Article V, Section 1, is concerned, the effect of the creation of an additional judgeship for the Horry County Court is the same as the creation of another court for the same territory. Either has the effect of impermissibly postponing the execution of the constitutional man-

date for the creation of a unified court system. Such alteration or extension of the present court system, is clearly unconstitutional. *Cort Industries Corp. v. Swirl, Inc.,* S. C., 213 S. E. (2d) 445. *McLeod v. Knight, et al.,* S. C., 216 S. E. (2d) 190 (1975).

Act No. 246 of the 1973 Acts of the General Assembly is, accordingly, hereby declared unconstitutional and the further exercise of the duties of office thereunder is enjoined.