### 21246

BANKERS TRUST OF SOUTH CAROLINA, Respondent, v. Dan E. BRUCE, Individually; Thomas S. Bruce, Individually; and James E. Jones, Jr., Individually; Bruce, Bruce & Jones; Mary E. Bruce; Nancy S. Jones, Naturaland Trust; T. Walter Brashier; Southern Bank and Trust Company; Citizens & Southern National Bank of South Carolina; South Carolina National Bank; and Robert C. Black, d/b/a Black Construction Company, Defendants, of whom Dan E. Bruce, Individually; Thomas S. Bruce, Individually; James E. Jones, Jr., Individually; Mary E. Bruce; and Nancy S. Jones are Appellants.

(267 S. E. (2d) 424)

*William F. Austin* and *A. Camden Lewis,* of *Barnes, Austin & Lightsey,* Columbia, *for appellants.*

*John H. Lumpkin, Jr.,* of *Boyd, Knowlton, Tate & Finlay,* Columbia, and *David H. Wilkins,* of *Wilkins & Wilkins,* Greenville, *for respondent.*

June 4, 1980.

*Per Curiam:*

This appeal is from an order modifying and confirming the appraisers' return in an action by respondent Bankers Trust for a deficiency judgment against appellants Bruce and Jones. We reverse.

In February, 1974, appellants executed a $750,000 promissory note to respondent secured by a mortgage on two tracts of unimprovel realty. Appellants defaulted, respondent foreclosed and was high bidder at the foreclosure sale. There being no upset bids within the statutory period, respondent purchased the property for $408,157. A $448,017.75 deficiency judgment was then entered against appellants.

Appellants petitioned the trial court for an order of appraisal, designating Waco F. Childers, Jr., their appraiser. Respondent designated Wilkins Norwood and the trial court appointed Richard H. Carpenter their appraisers. The appraisers arrived at different values, but Norwood agreed to abide by Carpenter's appraisal of $368,000. The trial court modified and confirmed this figure.

Appellants assert Norwood and Carpenter were not "disinterested freeholders" as required by § 29-3-700, Code of Laws of South Carolina (1976).[1] We agree.

Code § 29-3-700, *supra,* provides:

"Upon the filing of . . . [a petition for an order of appraisal] and deposit with the clerk of a sufficient sum to pay the costs of the subsequent proceedings he shall issue an order that the property be appraised at its true value as of the date of the sale *by three disinterested freeholders* of the county in which the property is located *who shall not be parties to the action or connected in business with or related by blood or marriage within the sixth degree to any such party."* (Emphasis supplied).

The cardinal rule of statutory interpretation is to ascertain and effectuate the legislative intent wherever possible. See cases 17 S. C. Digest, Statutes, Key No. 181(1) (West 1952); 2A Sutherland Statutory Construction § 45.05 (4th Ed. 1973). The clear intent of Code

[1] An order appointing appraisers is clearly an intermediate order reviewable upon appeal from the final judgment under Code § 18-1-180. *Cf. Montgomerey & Crawford, Inc., et al. v. Arcadia Mills et al.,* 173 S. C. 464, 176 S. E. 589 (1934) (order appointing receivers).

§29-3-700, *supra,* is to remove even the suggestion of bias or interest from the appraisal process.

■ The record reveals Norwood is a director of one of the parties to the foreclosure proceedings and Carpenter's daughter-in-law is an officer of respondent bank. We hold both were unqualified to serve as appraisers by the express terms of the statute.

■ The record also .reveals Norwood had previously appraised the property for respondent and Childers for appellant. It is inconceivable these .individuals would not be at least subconsciously biased in favor of their previous appraisals. *Cf. New York State Elec. & Gas Corp. v. O. & W. Lines, Inc.,* 19 A. D. 2d 667, 241 N. Y. S. 2d 231 (1963). See also *Collier v. Collier,* 23 O. L. A. 254 (Ohio. App. 1936). We hold none of the three were disinterested *freeholders* within the meaning of Code § 29-3-700, *supra.*

The order appealed from is reversed and the case remanded for the appointment of a new board of appraisers. On remand the trial court shall conduct a full hearing on appellants' allegation their counsel during the foreclosure proceedings was subject to a conflict of interest and determine whether that conflict, if any, requires reopening the deficiency judgment.

Reversed and remanded.