LITTLEJOHN, J., concur.

---

### 22100

John P. GARDNER, Sr., Petitioner, v. Heyward E. McDONALD, State Senator, individually and as Chairman of the Joint Committee to Review Candidates for Offices Elected by the General Assembly, a Committee of the South Carolina General Assembly, Respondents, and T. Travis Medlock, Attorney General of South Carolina, Amicus Curiae.

(316 S. E. (2d) 374)

Supreme Court

*Benny R. Greer*, of *Greer & Milling*, Darlington, *for petitioner.*

*James P. Fields, Jr., Helen T. McFadden*, Columbia, *Grady L. Patterson, III, Asst. Atty. Gen.*, Columbia, *for respondent.*

*T. Travis Medlock, Atty. Gen., James M. Holly, Asst. Atty. Gen., David C. Eckstrom, Robert D. Cook, Asst. Atty. Gen.*, Columbia, *for amicus curiae.*

Heard April 2, 1984.

Decided May 10, 1984.

*Per Curiam:*

This is an action brought in the original jurisdiction of this Court to determine the commencement date of petitioner John P. Gardner, Sr.'s term as Associate Judge of the South Carolina Court of Appeals. We hold this term began on September 1, 1983, the date the court became operational.

On August 16, 1979, Gardner was elected by the General Assembly to fill Seat #1 of the South Carolina Court of Appeals, which had been legislatively created approximately one month prior. As a result of numerous amendments to the act creating the court, as well as our decisions in *State ex rel. Riley v. Martin*, 274 S. C. 106, 262 S. E. (2d) 404 (1980) and *Maner v. Maner*, 278 S. C. 377, 296 S. E. (2d) 533, 534 (1982), which invalidated portions of the creating act and amendments, the Court of Appeals did not become operational until September 1, 1983.

In July 1983, respondent, Heyward McDonald, Chairman of the Judicial Selection Committee, was advised by the South Carolina Attorney General that Gardner's term as judge had commenced on August 16, 1979 and, pursuant to § 14-8-20(b) of Act #164 of 1979, would expire on August 16, 1983. We disagree.

"The cardinal rule of statutory interpretation is to ascertain and effectuate the legislative intent wherever possible." *Bankers Trust of South Carolina v. Bruce*, 275 S. C. 35, 37, 267 S. E. (2d) 424, 425 (1980); *Merchants Mutual Insurance Company v. South Carolina Second Injury Fund*, 277 S. C. 604, 291 S. E. (2d) 667 (1982).

In determining legislative intent, this Court will consider subsequent enactments concerning the same subject matter as the legislation in question, regardless of their present invalidity. *City Transp. Co. v. Pharr*, 186 Tenn. 217, 209 S.W. (2d) 15 (1948); *Lugar v. New*, 418 N.E. (2d) 248 (Ind. App. 1981).

Section 14-8-40 of Act #164 of 1979, required the judges of the Appeals Court to "qualify within twelve months after the date of their election or within ten days after the *date of commencement of the operations of the Court—*" but failed to specify any date for the commencement of the judges' terms. This omission was subsequently corrected in § 14-8-20, as amended by Act #194 of 1979, which designated July 1, 1980, the date the court was originally scheduled *to begin operations*, as the date the judges' terms were to commence.

Similarly, Act #517 of 1980 amended § 14-8-20 to read in pertinent part:

"The terms of office of the judges of the Court shall begin October 1, 1981, or upon the *implementation of the Court of Appeals by the General Assembly*, whichever date occurs later."

Finally, Act #89 of 1983 amended § 14-8-20 to set the commencement date as September 1, 1983, the date the court finally became functional. Although the legislature attempted to address the Gardner situation in § 14-8-20(d), this subsection provides little help in determining the commencement date of his term.

We find these acts clearly evince a legislative intent to tie the judges' terms with the commencement of operations of the Appeals Court, and hold Gardner's term began on September 1, 1983.

LITTLEJOHN, C. J., NESS, GREGORY and HARWELL, JJ., and J. WOODROW LEWIS, Acting Associate Justice, concur.