1854

The SOUTH CAROLINA NATIONAL BANK, Respondent v. S & L INVESTMENT PARTNERSHIP, Robert L. Steinberg, Harold M. Provizer, David Lichtenstein, and Gary Eisenberg, Appellants.

(419 S.E. (2d) 243)

Court of Appeals

*Frank H. Clabaugh,* Hilton Head Island, *for appellants.*

*George G. L. Palmer* of *Bowen, Palmer & Howell,* Hilton Head Island, and *James B. Richardson, Jr.,* of *Svalina, Richardson & Smith,* Columbia, *for respondent.*

Heard May 12, 1992.

Decided July 13, 1992.

CURETON, Judge:

This is a mortgage foreclosure action. South Carolina National Bank foreclosed a mortgage it held on property owned by the appellants (owners) for their failure to make mortgage payments. The owners did mot answer the complaint and the

master entered a default judgment in favor of the bank which provided for a deficiency judgment.[1] The sale did not generate sufficient monies to satisfy the debt and the owners petitioned for an appraisal pursuant to South Carolina Code Ann. § 29-3-720 (Rev. 1991).

After the appraisal was completed, the owners moved for a substitute appraiser claiming the appraiser appointed by the master was biased and violated the appraisal statute.[2] The master denied the motion, approved the majority appraisal report, entered a deficiency judgment for the bank, and awarded attorney fees to the bank. The owners appeal the failure of the court to set aside the appraisal and the award of attorney fees. We affirm.

The master appointed George H. Rowan as the bank's appraiser, Barry W. Ginn as the court's appraiser, and Ronald D. Ondrias as the owners' appraiser. Ginn is a licensed real estate agent. Rowan and Ondrias are certified real estate appraisers. Rowan and Ginn agreed on a majority appraisal of the property of $470,000. Ondrias thought the property was worth $840,000. In point of fact, both Rowan and Ondrias completed and submitted written appraisals to their principals prior to the time they were appointed appraisers by the master. After their appointment, Rowan and Ondrias met with Ginn who agreed with Rowan's appraisal.[3]

The owners moved to set aside the majority appraisal because Ginn violated the appraisal statute but not considering all factors required to be considered in Section 29-3-720. That section provides the appraisers shall determine the true value of the property as of the sale date "taking into consideration sale value, cost and replacement value of improvements, income production and all other proper elements which, in their discretion, enter into the determination of true value."

The owners argue Ginn violated Section 29-3-720 because he considered only income production in arriving at a value

---

[1] The master reserved the setting of attorney fees until after the deficiency sale.

[2] We view the owners' motion as one to set aside the appraisal because of the disqualification of one of the appraisers. See *Peoples Fed. Sav. and Loan Ass'n v. Myrtle Beach Retirement Group Inc.*, 302 S.C. 223, 394 S.E. (2d) 849 (Ct. App. 1990) (master only had authority to approve or disapprove the appraisal).

[3] No one contends this approach was improper.

for the property. The owners rely solely on the unsworn "affidavit" of Ondrias which states, in part, "during the course of discussions between the three [appraisers, Ginn] stated that in reaching a determination as to the value of the subject property it was his opinion the only relevant factor to be considered was the 'income production' capabilities of the property."

None of the appraisers testified at the motion hearing and no additional affidavits were presented to the court. Additionally, the owners argued Ginn was not "disinterested" because he tried to sell an unrelated piece of property to Rowan during the appraisal meeting. The owners argued that by attempting to sell the other property to Rowan, Ginn created the appearance of attempting to garner favor with Rowan by agreeing with the appraisal. Finally, the owners argued Ginn was not qualified to be an appraiser because he had not previously appraised commercial property.[4]

In refusing the owners' motion to set aside the appraisal, the master held Gin was qualified. The master was not persuaded by the owners that Ginn did not take into consideration all necessary factors in making his decision on value or that he had a conflict of interest. We agree. The unsworn statement of Ondrias states Ginn thought the income production factor was the only "relevant" factor. It does not state the other factors were not considered.[5] We note from a review of Rowan's and Ondrias's appraisals that they too thought the income production factor was the most important factor in determining the value of the property. Because both Rowan and Ondrias agreed the income approach was the most reliable indicator of value, we fail to see how the owners are prejudiced.

Concerning qualification, the statute requires only that an appraiser be a freeholder of the county in which the property is located. S.C. Code Ann. § 29-3-700 (Rev. 1991). There is no dispute that Ginn was a freeholder of Beaufort County. He had experience in real estate. The fact he was

---

[4] There is no indication the owners objected to Ginn at the time of his appointment.

[5] We do not know to what extent the master may have discounted Ondrias's unsworn statement. *Cf.* 31 C.J.S. *Evidence* § 265 (1964) (unsworn statements are generally considered as weak evidence).

not a certified real estate appraiser does not make him unqualified under the statute.

As to the conflict of interest claim, we agree with the master the unsworn statement of Ondrias that Ginn and Rowan discussed the purchase of another piece of property while considering the instant property is insufficient to show Ginn was an interested party. The statute requires the freeholder to be "disinterested," not a party, and not connected by family or business to any party in the matter. *Id.* There is no contention Ginn was a party or connected by family or business to a party. The owners cite the case of *Banker's Trust of South Carolina v. Bruce*, 275 S.C. 35, 267 S.E. (2d) 424 (1980), for the proposition that even the suggestion of bias is enough to disqualify an appraiser under the statute. *Bruce* is clearly distinguishable from this case. In *Bruce*, the bank's appraiser was a director of a party to the suit. The court's appraiser was the father-in-law of one of the bank's officers. Thus, the court found them disqualified under the express terms of the statute. Here, there is no indication Ginn was biased in favor of either party to this suit.

The owners next contend the amount of attorney fees awarded the bank was excessive. They argue because the foreclosure was uncontested and without complicated legal issues involved, the amount of the fee is unwarranted.[6]

The mortgage provided for the recovery of all costs and expenses, "including reasonable attorney fees." The personal guaranties signed by all of the individual partners provided for recovery of reasonable attorney fees "not to exceed 15% of the liabilities of the undersigned hereunder, incurred by the bank in collecting such liabilities."

The bank's attorney submitted a detailed petition in support of its request for attorney fees including a detailed summary of the time he spent on the case. The owners did not examine the bank's attorney regarding his fees, nor did they present evidence regarding the value of his services. Relying on the bank's petition, the master awarded the entire fee requested. We hold that while the award appears most generous, it is not apparent to us the trial court abused its discre-

---

[6] The master awarded $8,927.50 in attorney fees.

tion in the amount of fees awarded. See *Federal Land Bank of Columbia v. Davant*, 292 S.C. 172, 355 S.E. (2d) 293 (Ct. App. 1987) (trial court may determine the reasonableness of attorney fees regardless of the percentages agreed upon by the parties and the appealing party must demonstrate the amount of fees awarded was unreasonable); see *Dedes, v. Strickland*, ___ S.C. ___, 414 S.E. (2d) 134 (1992) (citing *Baron Data Systems Inc. v. Loter*, 297 S.C. 382, 377 S.E. (2d) 296 (1989) for a discussion of the factors to be considered in determining the reasonableness of attorney fees).

Accordingly, the order of the trial court is

Affirmed.

GOOLSBY, C.J., and LITTLEJOHN, Associate Judge, concur.