24348

The JOINT LEGISLATIVE COMMITTEE FOR JUDICIAL SCREENING, Through Senator Glenn F. McCONNELL, in his official capacity as Chairman of the Joint Legislative Committee for Judicial Screening, Pe-

titioner v. Thomas E. HUFF, H. Samuel Stilwell, and Paula Thomas, Respondents.

(464 S.E. (2d) 324)

Supreme Court

*Michael N. Couick* and *Nancy B. Goodman,* Columbia, both of the *Joint Legislative Committee for Judicial Screening, for petitioner.*

*Steve W. Hamm* and *Mary S. League,* both of *Richardson, Plowden, Grier & Howser,* Columbia, *for respondent Thomas E. Huff.*

*John A. Hagins, Jr.,* of *Covington, Patrick, Hagins & Lewis,* Greenville, *for respondent H. Samuel Stilwell.*

*Gedney M. Howe, III,* Charleston, *for respondent Paula Thomas.*

*John V. Crangle,* Columbia, *for Amicus Curiae Common Cause/South Carolina.*

Heard Sept. 14, 1995.

Decided Nov. 15, 1995.

*Per Curiam:*

This case is before the Court in its original jurisdiction. The General Assembly recently voted to increase the number of judges on the Court of Appeals, circuit court, and family court. 1995 S.C. Act No. 145, Part II (1995-96 Appropriations Act). Respondents are three members of the General Assembly who have filed letters of intent to seek election to these new judgeships. Petitioner brought this action to determine

whether these members are eligible for election. Petitioner seeks an interpretation of S.C. Code Ann. § 2-1-100 (1986) as applied to these facts.

## ISSUES

1) Is § 2-1-100 constitutional?
2) Did the General Assembly "create" judicial offices when it expanded the Court of Appeals?
3) Could a member of the General Assembly by resigning his legislative seat become eligible for election?
4) If § 2-1-100 applies, does § 20-7-1370(A) exempt a legislator from the ineligibility imposed by § 2-1-100?

## DISCUSSION

1) Constitutionality of § 2-1-100

The qualifications for candidates for judges of the Supreme Court, Court of Appeals, and circuit courts are provided in article V, § 15, of the South Carolina Constitution. Section 2-1-100 provides:

No Senator or Representative shall, during the time for which he was elected, be elected by the General Assembly or appointed by any executive authority to any civil office under the dominion of this State which shall have been *created* during the time for which the Senator or Representative was elected to serve in the General Assembly.

(Emphasis added.)

"[T]he Courts have recognized the general rule that when a state Constitution names the qualifications for a constitutional office, the legislature has no authority to prescribe additional qualifications, or to remove any of the requirements provided for in the Constitution, unless that instrument, expressly or by implication, gives the legislature such power." *McLure v. McElroy*, 211 S.C. 106, 118, 44 S.E. (2d) 101 (1947). "The offices of the Supreme Court Justices and Circuit Court judges are creatures of the Constitution, and the General Assembly may not add conditions to those specified in the Constitution for election. . . ." 211 S.C. at 118.

Two sections of the South Carolina Constitution are clearly applicable and limit the legislature's power. Article I, § 5, pro-

vides: "All elections shall be free and open, and every inhabitant of this State possessing the qualifications provided for in this Constitution shall have an equal right to elect officers and be elected to fill public office." Article XVII, § 1A, provides that "[e]very qualified elector is eligible to any office to be voted for, unless disqualified by age, as prescribed in this Constitution."

We hold § 2-1-100 cannot constitutionally be applied to members of the General Assembly seeking election to constitutional offices. Accordingly, this section does not apply to members seeking election to the Court of Appeals and circuit court since it would provide an additional qualification. However, it does apply to members seeking election to family court.[1]

2) Definition of "created"

Respondents contend § 2-1-100 does not apply because the General Assembly merely expanded the current courts, rather than created new offices. The cardinal rule of statutory construction is to ascertain and effectuate the legislative intent whenever possible. *Banker's Trust v. Bruce*, 275 S.C. 35, 267 S.E. (2d) 424 (1980). The intent of § 2-1-100 is to prevent a member of the General Assembly from profiting from his position in the legislature by "creating" an office to serve his own personal interests. *State ex. rel. Riley v. Martin*, 274 S.C. 106, 115-118, 262 S.E. (2d) 404 (1980) (purpose of legislation is to prevent legislators from deriving directly or indirectly any pecuniary benefit from the enactment).

Furthermore, this Court has previously held that "the effect of the creation of an additional judgeship . . . is the same as the creation of another court." *State ex rel. McLeod v. Civil & Criminal Court of Horry Cty.*, 265 S.C. 114, 217 S.E. (2d) 23 (1975). We have also defined "create" to mean "the bringing into being of something which did not exist before." *Wright v. Ritz Theatre Co.*, 211 S.C. 161, 44 S.E. (2d) 308 (1947). *See also Black's Law Dictionary* 330 (1979). Therefore, we hold these positions were "created" by the provision in the 1995-96 Appropriations Act.

---

[1] S.C. Code Ann. § 20-7-1440 (Supp. 1985) provides for the creation of the family courts. Therefore, a family court judgeship is a statutory office.

### 3) Effect of Member's Resignation

The current legislative term ends on November 11, 1996. Prior to November 11, 1996, § 2-1-100 clearly applies whether or not a member resigns as he would be elected "during the time for which he was elected" to an office which was "created during the time for which [he] was elected to serve."

### 4) § 20-7-1370(A)

Section 20-7-1370(A) provides in part: *Notwithstanding any other provision of law,* any former member of the General Assembly may be elected to the office of family court judge." (Emphasis added.) Respondent Thomas contends this provision in § 20-7-1370(A) operates to exempt a legislator from the prohibition in § 2-1-100. In *Riley, supra,* the Court held a similar statute which exempted legislators who were candidates for the Court of Appeals was special legislation violating article III, § 34, which prohibits the General Assembly from enacting a special law when a general law can be made applicable.[2] In *Riley,* the Court held there is no reasonable basis upon which to classify statutory judges differently from other offices created by the General Assembly, so as to justify their exclusion from § 2-1-100. Likewise, there is no reasonable basis upon which to classify family court judges differently from other offices created by the General Assembly, so as to justify their exemption from § 2-1-100. Therefore, we hold the language in § 20-7-1370(A) is special legislation and unconstitutional.[3]

In conclusion, we hold § 2-1-100 is unconstitutional as applied to members seeking election to constitutional offices but not statutory offices. Furthermore, the exemption in § 20-7-1370(A) is unconstitutional as special legislation.

WALLER, A.J., dissenting in separate opinion.

---

[2] When *Riley* was decided the Court of Appeals was a statutory court. The Court of Appeals became a constitutional court in 1985. S.C. Const. article V, § 7.

[3] This provision is severable from the remainder of the section. Section 2-1-100 would apply to legislators seeking election to a family court judgeship. *Lee v. Clark,* 224 S.C. 138, 77 S.E. (2d) 485 (1953) (where part of statute is unconstitutional and that which remains is wholly independent, the court will reject that which is void and enforce the remainder).

WALLER, Justice (dissenting):

I respectfully dissent. I concur with the majority opinion insofar as it holds application of § 2-1-100, as applied to General Assembly members seeking election to the Court of Appeals, is unconstitutional. I write separately, however, to express my view that S.C. Code Ann. § 20-7-1370(A) (Supp. 1994) is permissible special legislation. Accordingly, in my view, legislators running for the office of family court judge are exempt from § 2-1-100.

Section § 20-7-1370(A) provides:

> Notwithstanding any other provision of law, any former member of the General Assembly may be elected to the office of family judge.

In *State ex rel Riley v. Martin*, 274 S.C. 106, 262 S.E. (2d) 404 (1980), we found a similar exemption unconstitutional as special legislation in violation of S.C. Const. Article III, § 34.[1] *Riley* involved S.C. Code Ann. § 14-8-30 which exempted Court of Appeals judges from application of § 2-1-100. There, the court noted that § 14-8-30 was specifically enacted for the benefit of members of the 1979 General Assembly to permit them to avoid the general prohibition of § 2-1-100. The Court found § 14-8-30 to be a special law and found no peculiar conditions justifying special treatment for members of the 1979 Legislature or judges of the Court of Appeals. Accordingly, § 14-8-30 was held to be impermissible special legislation. In my opinion, unlike the statute invalidated in *Riley*, the special legislation at issue in this case is permissible since peculiar conditions do exist which justify special treatment of family court judges.

The overall purpose of the prohibition against special legislation is to prevent discrimination and to assure that all persons are equally treated, thereby requiring acts of the Legislature to apply equally to all persons within an appropriate class. *Thompson v. South Carolina Comm'n on Alcohol & Drug Abuse*, 267 S.C. 463, 229 S.E. (2d) 718 (1976). However, special legislation is permissible where "peculiar conditions" exist which require special treatment. *Riley supra; see also*

---

[1] Article III, § 34 prohibits enactment of a special law where a general law can be made applicable.

*Horry County v. Horry County Higher Educ. Comm'n,* 306
S.C. 416, 412 S.E. (2d) 421 (1991). In adopting special legisla-
tion, the Legislature may adopt classifications "based upon
differences which are either defined by the Constitution, or
are natural or intrinsic, and which suggest a reason that may
rationally be held to justify the diversity in the legislation."
*Sansing v. Cherokee County Tourist Camp Board,* 195 S.C. 7,
11, 10 S.E. (2d) 157 (1940).

Section 20-7-1370(A), although originally enacted in 1976,
was reenacted in 1981, the year after our decision in *Riley.*
Notwithstanding its knowledge of *Riley,* the Legislature saw
fit to reenact an exemption from § 2-1-100 for those seeking
election to the office of family court judge. In my opinion,
there is a rational justification for special treatment of family
court judges, to wit, the equal treatment of any legislator
seeking election to a position in the Unified Judicial System.

In *McLure v. McElroy,* 211 S.C. 106, 44 S.E. (2d) 101 (1947),
this Court held that the Legislature is without authority to
add to the qualifications of constitutionally created courts.
The qualifications for the Supreme Court, Court of Appeals
and circuit court are constitutionally mandated. S.C. Const.
Art. V, § 15. Accordingly, as noted by the majority opinion, the
Legislature may not add to the qualifications of these courts,
and persons seeking election to these positions are therefore
exempt from § 2-1-100. However, the family courts of this
state were created as part of the Unified Judicial System. S.C.
Const. art. V, § 1 et. seq. Those seeking election to the
Supreme Court, Court of Appeals and circuit court are exempt
from § 2-1-100. In my opinion, it is quite rational for the Legis-
lature to have determined that the family court, as the only re-
maining branch of the Unified Judicial System which is elected
by the General Assembly,[2] should be treated similarly. *Sans-
ing, supra; Thompson, supra.* Moreover, unlike the statute at
issue in *Riley,* § 20-7-1370(A) was not enacted solely for the
benefit of members of the 1995-96 General Assembly, but has
been in existence since 1976 and was reenacted in 1981.

Accordingly, in my opinion, although § 20-7-1370(A) is spe-
cial legislation, it is permissible. I would hold that former Gen-

---

[2] Although magistrates and probate court judges are also a part of the Uni-
fied Judicial System, they are not elected by the General Assembly.

eral Assembly members seeking election to family court are exempt from § 2-1-100.

BURNETT, A.J., concurs.