## 11586

ARNETTE *ET AL.* v. FORD *ET AL.,* TRUSTEES LAKE VIEW, ETC., SCHOOL

(125 S. E., 138)

STATUTES—STATUTE PROVIDING FOR ESTABLISHMENT OF CENTRALIZED HIGH SCHOOL FOR FIVE DISTRICTS HELD NOT UNCONSTITUTIONAL.—Act March 19, 1924 (33 St. at Large, p. 1618), authorizing establishment of centralized high school for five school districts, does not violate Const. Art. 3, § 34, subd. 4, prohibiting the incorporation of school district by special Act; such statute being regarded merely as an amendment to Civ. Code, 1922, §§ 2716-2738, constituting the general law for the establishment of high schools by joint action of two or more districts.

Before FEATHERSTONE, J., Dillon, September, 1924. Affirmed.

Action by W. M. Arnette and L. B. Stephens against D. K. Ford and others as Trustees of Lake View, Union, Kemper, Bermuda and High Hill Centralized High School. From an order dismissing the complaint plaintiffs appeal.

The decree of Judge Featherstone follows:

This case was heard by me on an agreed statement of facts. The action is brought by the plaintiffs and residents and taxpayers of the county of Dillon, and of the territory embraced within the five adjacent school districts organized under the act hereinafter referred to into a centralized high school for an injunction restraining the trustees of the centralized high school from issuing and selling an issue of bonds in the sum of $40,000. The territory making up the high school district as authorized in the act referred to is composed of the following five school districts of the county, to wit, Lake View No. 14, Kemper No. 17, High Hill No. 24, Union No. 13, and Bermuda No. 17, all lying adjacent to each other, and so situated geographically that one high school can be so located as to be accessible to all of the high school pupils within the five districts. However, it appears that no one of these districts has a sufficient number of pupils of high school age, nor has it sufficient financial resources, to maintain a high school of any degree of efficiency. Also it appears that no one of these districts is financially able to build and equip a high school building either for its own pupils or for the pupils of its neighboring districts.

Accordingly, on March 19, 1924, (33 St. at Large, p. 1618), the General Assembly passed an act authorizing the establishment of a centralized high school for these five districts, providing for the appointment of the high school trustees and authorizing the erection of a high school building and the issuance of bonds to provide funds therefor. After the approval of the act the trustees for the centralized high school were duly chosen in the manner directed, and all other provisions of the act providing for the organization of the centralized high school were duly complied with. Although the special act in question did not direct or provide for an election in the high school territory on the question of issuing bonds, but authorized the trustees to issue and sell same without ordering an election thereon, yet the

trustees had a petition circulated and signed by more than one-third of the qualified electors and one-third of the resident freeholders within the territory embraced in the five districts for this purpose, and thereon ordered and held an election upon the question of the issuance of bonds in the sum of $40,000, for the purpose of purchasing a site and erecting and equipping a high school building thereon. This election was carried practically unanimously in favor of the bond issue. It is not claimed that this election was of any legal force or effect, but seems to have been held merely for the purpose of ascertaining the will of the people as to the issuance of these bonds. Thereafter the result of the election was declared, and the bonds authorized to be issued. Bids were duly received for the purchase of these bonds, and that of C. W. McNear & Company, of Chicago, for the par plus accrued interest, was accepted.

Before the bonds were issued or delivered this action was instituted. The objection raised by the plaintiffs as to the validity of the proposed bonds is that the act of March 19, 1924, is unconstitutional in that it is an attempt by the special act to incorporate a school district in contravention of Article 3, § 34, subd. 4 of the Constitution. There is no attempt by this special act to in any way change or interfere with any of these school districts as now constituted. The boundaries and area of each district remain as they were, and each continues as a distinct entity in the county's school system with all its prior functions as a political subdivision. The Constitution provides that all the various counties shall be subdivided into school districts, as these various school districts were intended to function as the primary units in the State's common school system. In another clause of the Constitution it is directed, in effect, that this division into school districts shall be made under a general law, to be enacted by the Legislature, and that no such school district shall be created by a special law or enactment. There can be no doubt but that the clause com-

manding that the subdivision shall be made contemplated a division into what may be termed common school districts, and has no reference to the creation of high school districts by the combination of one or more common school districts for high school purposes. Likewise, in the clause prohibiting the incorporation of a school district by special law, only this primary unit or common school district was contemplated, and it was not intended thereby to restrict legislative action in the formation of high school districts. It seems to me, therefore, that the effect of this special act was not to create or incorporate a new school district within the meaning of the constitutional prohibition.

But, in any event, the objection raised to the validity of the act seems to have been determined against the contention of plaintiffs by the recent case of *Walker v. Bennett* (S. C.) 118 S. E., 779, where it was held that a special act consolidating two or more school districts is not violative of this clause of the Constitution, and holding that the prohibition covered only incorporation, and did not prohibit the consolidation of several districts by special act. The only distinction between the facts of the case cited and the case under consideration is that in the *Walker Case* the five older districts were completely destroyed and one new district was created and established to take the place of the old ones, while in the case at bar the common school districts retain all their prior functions, and are consolidated or federated for the purpose only of coperating in establishing and maintaining a high school as a joint undertaking. At most therefore it would seem that the result of the act is only to consolidate these five common school districts for the restricted purpose rather than to incorporate.

The Supreme Court sustained the special act in the *Walker Case, supra,* on the further ground that the act under consideration in that case was to be regarded merely as an amendment to the general law providing for the creation of school districts. In this phase of the question the

situation here is almost identical with that in the *Walker Case.* In sustaining the validity of the special act in that case, the Supreme Court used the following language: "So here section 1738 is a general law covering the matter of consolidation, and the act of 1923, although a separate act applying to this particular school district may in the matter of their consolidation, be deemed an amendment to section 1738." Likewise here, sections 2716–2738 (Civ. Code 1922) is the general law providing for the establishment of high schools by the joint action of two or more school districts, and the act of March 19, 1924, may be regarded merely as amendment to the general law.

I find, therefore, that the bonds proposed to be issued are valid obligations, and the complaint for the permanent injunction should be dismissed; and it is so ordered.

*Mr. Joe P. Lane,* for appellants, cites: *Act March* 24, 1924, *unconstitutional:* 1 Civ. Code 1912, Sec. 2716–2738; 59 S. C., 110; 61 S. C., 211.

*Mr. W. C. Moore,* for respondents, cites: *Act should be construed as valid if possible:* 12 C. J., 787- 8; 84 S. C., 552; 82 S. C., 352; 12 C. J., 791, 799, 703. *Consolidation of School districts permissible:* 118 S. E., 779.

October 25, 1924.

The opinion of the Court was delivered by MR JUSTICE WATTS.

For the reasons assigned by his Honor, Judge Featherstone, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES FRASER, COTHRAN and MARION, concur.

MR. CHIEF JUSTICE GARY did not participate.