## 13774

KEARSE *ET AL.* v. LANCASTER COUNTY SUPERINTENDENT OF EDUCATION *ET AL.*

(172 S. E., 767)

Before MANN, J., Bamberg, April, 1933.

*Mr. E. H. Henderson,* for appellant,

*Messrs. Kearse & Kearse* and *Solomon Blatt,* for respondents.

February 14, 1934.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The appellants sought, in the lower Court, to enjoin the respondents from taking any steps as to ordering an election, and the creation or establishment of a school district, in Bamberg County, under the provisions of Act No. 432 of the General Assembly, approved March 24, 1933 (38 Stat., 688), entitled "An Act Providing for an Election in Bamberg County on the Question of the Withdrawal of School District Number Four From School District Number Eight in Said County and the Re-establishment of the Same as it Existed Prior to Consolidation With School District Number Eight."

The claim of the appellants that the Act was unconstitutional was overruled by his Honor, Judge Mann, and the injunction asked for was denied.

Briefly, the Act provides that the County Board of Education of Bamberg County is to order an election to determine the question as to whether or not Three-Mile school district, No. 4, as it existed prior to its consolidation with Olar school district No. 8, shall be withdrawn from school district No. 8 and re-established as it formerly existed; the election is to be held at a place within the area of the proposed district No. 4, and thereat only qualified electors residing in that territory shall be permitted to vote; and, if a majority of the votes cast are in favor of the withdrawal of the old school district No. 4 from school district No. 8, then Three-Mile school district No. 4 shall be, and is, "declared to be withdrawn and segregated from Olar School District Number Eight and re-established as it existed prior to said consolidation."

Our decisions in a number of cases, particularly *Walker v. Bennett*, 125 S. C., 389, 118 S. E., 779; *Arnette v. Ford*, 129 S. C., 526, 125 S. E., 138; *Powell v. Hargrove*, 136 S. C., 345, 134 S. E., 380, and *Walpole v. Wall*, 153 S. C., 106, 149 S. E., 760, have given liberal constitutional interpretation, recognizing the validity of legislation, authorizing the consolidation of two or more existing school districts, the establishment of centralized high schools, and the formation of high school districts. Some of those, and perhaps other, cases, however, rested on the theory that the enactments involved were to be regarded merely as amendments to statutory provisions, constituting the general laws on such subjects, or on the theory that the provisions of the Constitution, forbidding special legislation as to incorporation of school districts, referred to what is termed "common school districts" and not to high school districts. Also, some of the cases that "consolidation" of school districts is not "incorporation" of school districts.

The Act in question, to our mind, clearly proposes the incorporation of a new school district, for it is obvious that, when that territory was consolidated with Olar school district No. 8, the existence of the former corporate body, Three Mile school district No. 4, as a corporation, was abolished. The case, therefore, is entirely different from any of those above mentioned, or any other case to which our attention has been directed.

Following the mandates of the Constitution that the General Assembly should enact a general law, concerning the incorporation of school districts (Subsection 10, § 34, Art. 3), and the division of the counties into suitable school districts (Section 5, Art. 11), the General Assembly did, in 1896 (22 Stats. 161), enact such law, which, with the amendments thereto since made, is now contained in Section 5350 of the Code. The general law provides that the county boards of education of the respective counties shall make a division of their counties into school districts, which results, under the provisions of the statute, in their becoming bodies politic and corporate. A general provision is contained in the law, to the effect that no new school district shall be created by the county board of education, except upon the petition of at least one-third of the qualified electors embraced within the limits of the proposed new school district. While a new school district may not be created without the necessary petition being made, yet the county board is not required, even when such petition is made, to form the new district.

The Act under consideration proposes to change the general law as to the creation and incorporation of school districts by taking from the County Board of Education any authority whatever as to the incorporation of that one district. It leaves the matter of incorporation entirely to the electors residing in the territory proposed to be incorporated, and not even the electors of the other section of the present school district, as it has been consolidated, who have rights

and interests in the matter, are given a voice in the proposed election.

While not exactly bearing upon the question for our determination, the case of *School District No. 60 of Williamsburg County v. Montgomery,* 150 S. C., 391, 148 S. E., 218, throws some light upon the subject.

We think the Act clearly violates the inhibitory provisions of Subsection 4 of Section 34, Article 3, of the Constitution, forbidding the General Assembly from enacting local or special laws concerning the incorporation of school districts, and Subsection 9, of the same section and article, declaring that the General Assembly shall not enact a special law, "where a general law can be made applicable." Special rights are given to the electors residing in the territory proposed to be incorporated as a school district here, when such rights are not given to electors of other school districts of the State. The General Assembly can make a general law, concerning the subject of incorporation of school districts, and it has done so. See *Gillespie v. Blackwell,* 164 S. C., 115, 161 S. E., 869; *Lancaster v. Town Council of Brookland,* 160 S. C., 150, 158 S. E., 233; *Sirrine v. State,* 132 S. C., 241, 128 S. E., 172, and *State v. Hammond,* 66 S. C., 219, 44 S. E., 797, the decisions in which authorize and demand that the attacked Act be declared unconstitutional.

The judgment of this Court is that the order appealed from be reversed, and the case be remanded to the Court of Common Pleas for Bamberg County for the purpose of carrying out the views herein expressed.

MESSRS. JUSTICES STABLER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.

MR. JUSTICE CARTER did not participate.