## 20514

William J. SEABORN, Commanding Officer, South Carolina State Highway Patrol, Individually and in His Official Capacity, Plaintiff, v. HARTSVILLE RESCUE SQUAD and Lake Robinson Rescue Squad, Defendants.

(237 S. E. (2d) 496)

*Joseph C. Coleman,* of Columbia, *for Plaintiff.*

*Edward E. Saleeby,* of Hartsville, *for Defendants.*

September 15, 1977.

*Per Curiam:*

We are called upon in the original jurisdiction of the Court in this declaratory judgment action to determine the constitutional validity of Act No. 324 of the Acts of the General Assembly for 1977, which reads in pertinent part:

"In Darlington County the Hartsville Rescue Squad is authorized to solicit contributions on July fourth and the

Lake Robinson Rescue Squad is authorized to solicit contributions on Labor Day annually at the intersection of U. S. 15 and 151 bypass."

The plaintiff is the Commanding Officer of the South Carolina Highway Patrol and brings the action in both an individual and official capacity, asserting in the petition that the South Carolina State Highway Patrol is charged with the duty of enforcing the traffic laws of the State on the public highways lying therein. This Court takes judicial notice of such fact.

The defendant Hartsville Rescue Squad is an eleemosynary corporation created by charter issued by the Secretary of State of South Carolina, and the defendant Lake Robinson Rescue Squad is operating as a nonprofit rescue squad that has never applied for corporate status under State law.

Challenge to the constitutional validity of Act 324 is based on these grounds, viz:

(1) Act 324 is a special law where a general law could be made applicable and is violative of Article III, Section 34, Constitution of South Carolina.

(2) Provisions of Act 324 are so vague as to be impossible of reasonable interpretation.

(3) Act 324 denies to persons and organizations other than the defendants the right to solicit contributions at the subject highway intersection, thus denying to such other persons and organizations equal protection of the laws.

Since we have determined that Act 324 is constitutionally defective as a special law where a general law could be made applicable, and is violative of Article III, Section 34, Constitution of South Carolina, grounds (2) and (3) will not be reached for consideration.

The defendants, by Counsel, have chosen not to file responsive pleadings and concede that the subject Act is vio-

lative of Article III, Section 34, as a special law where a general law could be made applicable.

Article III, Section 34, of the South Carolina Constitution provides:

"The General Assembly of this State shall not enact local or special laws concerning any of the following subjects or for any of the following purposes to wit:

[Several specified subjects are here enumerated.]"

Subsection IX of Section 34 continues by stating:

"In all other cases, where a general law can be made applicable, no special law shall be enacted . . ."

Act 324 cannot be construed to be a permissible "local option" law, since it patently applies only to two designated rescue squads, and no reason appears, nor can we envision one, why the defendants alone should be granted the rights therein given. Likewise, we see no reason why the subject should not be dealt with by way of a general law. Certainly, a general law, as contemplated by Article III, Section 34, of our Constitution, can be made applicable. See *State v. Hammond,* 66 S. C. 300, 44 S. E. 933, and 66 S. C. 219, 44 S. E. 797 (1903) ; *Thompson et al. v. The S. C. Comm. on Alcohol and Drug Abuse et al.,* 229 S. E. (2d) 718, filed October 26, 1976.

We hold that Act 324 violates Article III, Section 34, Constitution of South Carolina, as a special law where a general law could be made applicable, and that it is invalid.

The prayer for relief set forth in the complaint is granted. The injunction of this Court, issued by the Chief Justice on July 1, 1977, enjoining enforcement and effect of Act No. 324 of the Acts of the General Assembly for 1977, is continued in effect and made permanent.