20612

The STATE, Appellant, v. Evan McIVER, Respondent.

(241 S. E. (2d) 747)

*Daniel R. McLeod, Atty. Gen.,* and *Brian P. Gibbes, Asst. Atty. Gen.,* of Columbia, and *T. Kenneth Summerford, Sol.,* of Florence, *for Appellant,*

*Frederick K. Jones,* of Florence, *for Respondent,*

February 16, 1978.

NESS, Justice:

The State appeals from an order reversing respondent's conviction in magistrate's court because the jury was improperly drawn. We affirm, holding the jury selection provision for Florence County magistrates' courts to be special legislation and therefore unconstitutional.

The jury which convicted respondent of driving under the influence was drawn pursuant to Act No. 883, Statutes at Large of 1966, which is at variance with Section 22-3-780 of the Code of Laws of South Carolina (1976). Specifically, it provides for a jury venire of thirty-six rather than eighteen, and for the drawing of the ballots by the Florence magistrate rather than by an appointed officer.

Article III, Section 34, subsection IX of the South Carolina Constitution prohibits the enactment of any local or special law where a general law can be made applicable. See *Seaborn, et al. v. Hartsville Rescue Squad, et al.*, S. C., 237 S. E. (2d) 496 (1977). Thus the question presented is whether Code Section 22-3-780 can be made applicable as a general law.

We believe Code Section 22-3-780 represents a legislative attempt to provide uniformity in the selection of jurors in criminal cases in magistrates' courts. Accordingly, Act No. 883, requiring a different method of jury selection for Florence County, is special legislation in contravention of the constitution because a general law may be made applicable.

The lower court correctly reversed respondent's conviction.

Affirmed.

LEWIS, C. J., LITTLEJOHN and RHODES, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.