23541

HORRY COUNTY, A Body Politic, and Horry County Council, its Governing Body, Appellants v. The HORRY COUNTY HIGHER EDUCATION COMMISSION, Respondent.

(412 S.E. (2d) 421)

Supreme Court

---

[1] Essentially similar facts were present in *Cubbage*.

*Thomas Boland,* Conway, and *Theodore B. Guerard, Haynsworth, Marion, McKay & Guerard,* Charleston, *for appellants.*

*Richard M. Lovelace* and *Victoria T. Vaught,* of *Lovelace & Battle, P.A.,* Conway, *for respondent.*

Heard Apr. 2, 1991.

Decided Dec. 16, 1991.

CHANDLER, Justice:

Horry County (County) appeals an order upholding the validity of two Acts of the General Assembly which provide for the levy and disbursement of *ad valorem* taxes for the benefit of the Horry County Higher Education Commission (Commission). We reverse.

## FACTS
The Legislature created the Commission in 1959 to "enter into contracts with institutions of higher learning . . . for the operation of a school or schools of higher learning in Horry

County." To fund the Commission, a tax of 3 mills was imposed on all taxable property in Horry County. The Commission was authorized to issue bonds to finance the construction of facilities and to pay other necessary expenses. Act No. 114, 1959 S.C. Acts 120. As a result of the Commission's efforts, the Coastal Carolina Campus of the University of South Carolina (Coastal Carolina) was established.

In 1963, the statute was changed to require Horry County to levy a tax sufficient to pay the interest and principal on certain bonds issued to finance the activities of the Commission. Horry County was, however, required to impose a levy of at least 3 mills. Any surplus after payment of the interest and principal was to be paid to the Commission. Act No. 131, 1963 S.C. Acts 133. The minimum levy was subsequently increased to 4 mills. Act No. 186, 1965 S.C. Acts 252.

In 1973, the Legislature decreased the minimum levy to 2 mills and directed any surplus be paid to Horry County. Act No. 493, 1973 S.C. Acts 849. By Act No. 273, 1987 S.C. Acts 2353, the Legislature further decreased the minimum levy to 1.4 mills, but directed that any surplus be paid to Coastal Carolina.

In this action, County asserts the 1973 and 1987 Acts are invalid for several reasons. The trial court held the legislation was valid.

## ISSUE
Do the challenged Acts violate Article III, § 34(IX), of the South Carolina Constitution?

## DISCUSSION
County argues that the challenged Acts violate the general prohibition against special legislation contained in Article III, § 34(IX). We agree.

Article III, § 34(IX) prohibits the enactment of a special law "where a general law can be made applicable." This provision not only limits special legislation where existing general law is already applicable, but also where it is possible to create general law which would be applicable. *Duke Power Co. v. South Carolina Public Service Commission*, 284 S.C. 81, 326 S.E. (2d) 395 (1985); *Seaborne v. Hartsville Rescue Squad*, 269 S.C. 386, 237 S.E. (2d) 496 (1977).

Article III, § 34(IX), however, does not prohibit all special legislation.

> The language of the Constitution which prohibits a special law where a general law can be made applicable, plainly implies that there are or may be cases where a special Act will best meet the exigencies of a particular case, and in no wise be promotive of those evils which result from a general and indiscriminate resort to local and special legislation. There must, however, be a substantial distinction having reference to the subject matter of the proposed legislation, between the objects or places embraced in such legislation and the objects and places excluded. The marks of distinction upon which the classification is founded must be such, in the nature of things, as will in some reasonable degree, at least, account for or justify the restriction of the legislation.

*Duke Power Co.*, 284 S.C. at 90, 326 S.E. (2d) at 400-401 (1985) [quoting *Shillito v. City of Spartanburg*, 214 S.C. 11, 20, 51 S.E. (2d) 95, 98 (1948)]. In other words, the General Assembly must have a "logical basis and sound reason" for resorting to special legislation. *Gillespie v. Pickens County*, 197 S.C. 217, 14 S.E. (2d) 900 (1941).

Although this Court has recognized the broad legislative power of the General Assembly in dealing with education under Article XI of the South Carolina Constitution, legislation regarding education is not exempt from the requirements of Article III, § 34(IX).[1] *McElveen v. Stokes*, 240 S.C. 1, 124 S.E. (2d) 592 (1962); *Kearse v. Lancaster County Superintendent of Education*, 172 S.C. 59, 172 S.E. 767 (1934).

In the present case, the challenged Acts are applicable to only one county and one institution of higher learning. The Acts are, therefore, special legislation.[2]

---

[1] We reject the Commission's argument based on dicta in *Moye v. Caughman*, 265 S.C. 140, 217 S.E. (2d) 36 (1975), that legislation relating to education is not subject to Article III, § 34(IX).

[2] "[A] general law is defined as follows: 'In order that a law may be general, it must be of force in every county in the State, and while it may contain special provisions making its effect different in certain counties, those counties cannot be exempt from its entire operation.'" *City of Columbia v. Smith*, 105 S.C. 348, 361-362, 89 S.E. 1028, 1032 (1916) [quoting *Dean v. Spartanburg County*, 59 S.C. 110, 114, 37 S.E. 226, 228 (1900)].

The Commission admits that it is unaware of any other institution of higher education which receives funding from *ad valorem* property taxes imposed on the county in which the institution is located. The problem of funding for institutions of higher education is not a problem unique to Coastal Carolina; it is a problem which applies equally to all state funded colleges and universities. A general law could be fashioned to provide *ad valorem* property tax funding for all of these colleges and universities. Further, the record is devoid of any peculiar local conditions which require special treatment for Coastal Carolina.

While mindful of our scope of review in determining if the Acts are constitutional,[3] we find that there is no reasonable or logical justification to single out Horry County and Coastal Carolina for special treatment. Accordingly, the challenged Acts violate Article III, § 34(IX), of the South Carolina Constitution.

Based on our conclusion that the Acts violate Article III, § 34(IX), it is unnecessary to address County's remaining arguments. The order of the circuit court upholding the constitutionality of the Acts is

Reversed.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.

---

[3] This Court will not declare a statute unconstitutional unless its repugnance to the Constitution is clear and beyond a reasonable doubt. *Southeastern Home Building v. Platt,* 283 S.C. 602, 325 S.E. (2d) 328 (1985).