**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James E. Fender, Appellant,

v.

Larry R. Hoffman and Allen Jackson Barnes, Defendants,

Of Whom Allen Jackson Barnes is the Respondent.

Appellate Case No. 2023-000246

―――――――――

Appeal From Sumter County
R. Ferrell Cothran, Jr., Circuit Court Judge

―――――――――

Unpublished Opinion No. 2025-UP-276
Heard April 16, 2025 – Filed August 6, 2025

―――――――――

**AFFIRMED**

―――――――――

Desa Ballard, Harvey M. Watson, III, and Haley Alyse Hubbard, all of Ballard & Watson, Attorneys at Law, of West Columbia, for Appellant.

Allen Jackson Barnes, of Sumter, pro se.

―――――――――

**PER CURIAM:** James E. Fender appeals the circuit court's order dismissing his civil conspiracy claim against Allen Jackson Barnes pursuant to Rule 12(b)(6) of

the South Carolina Rules of Civil Procedure.  On appeal, he argues the circuit court erred in (1) considering material outside the pleadings and (2) finding he failed to plead facts sufficient to support a cause of action for civil conspiracy against Barnes.  We affirm pursuant to Rule 220(b), SCACR and the following authorities:

1.  Any error in the circuit court's consideration of material outside the pleadings in ruling on Barnes's motion to dismiss is harmless here because the circuit court's dismissal can be justified without consideration of the outside material.  *See Higgins v. Med. Univ. of S.C.*, 326 S.C. 592, 602, 486 S.E.2d 269, 274 (Ct. App. 1997) ("An error in conversion is harmless 'if the dismissal can be justified under Rule 12(b)(6) without reference to matters outside of the plaintiff's complaint.'" (quoting *Brown v. Zavaras*, 63 F.3d 967, 970 (10th Cir. 1995))); *Bergstrom v. Palmetto Health All.*, 358 S.C. 388, 395, 596 S.E.2d 42, 45 (2004) ("In deciding whether the trial court properly granted the motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief."); *Spence v. Spence*, 368 S.C. 106, 116, 628 S.E.2d 869, 874 (2006) ("Under Rule 12(b)(6), SCRCP, a defendant may move to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action."); *id.* ("A motion to dismiss under Rule 12(b)(6) should not be granted if facts alleged and inferences reasonably deducible therefrom entitle the plaintiff to relief under any theory."); *Charleston Cnty. Sch. Dist. v. Harrell*, 393 S.C. 552, 557, 713 S.E.2d 604, 607 (2011) ("In considering a motion to dismiss pursuant to Rule 12(b)(6), SCRCP, the circuit court must base its ruling solely upon the allegations set forth on the face of the complaint.").

Fender alleged Barnes conspired with his former client, Larry R. Hoffman, to disclose the existence of a confidential settlement agreement between Fender and Hoffman to the Bank of Greeleyville—which had a judgment against Fender—with the intent of depriving Fender of funds allocated to him through the agreement.  Following the hearing on Barnes's motion to dismiss, the circuit court requested additional information from the parties; Barnes responded by stating he had no specific knowledge of the terms of the confidential settlement agreement.  By contrast, Fender's amended complaint alleged Barnes had specific knowledge of the terms of the confidential settlement agreement because Hoffman informed him of such.  The circuit court's finding that "Barnes had no knowledge of the [s]ettlement [a]greement or its terms, including the confidentiality provision" suggests the circuit court considered Barnes's email in ruling on the motion to dismiss, thereby converting it to a motion for summary judgment.  *See Brown v. Leverette*, 291 S.C. 364, 367, 353 S.E.2d 697, 698-99 (1987) ("[T]he trial court may treat a 12(b)(6) motion as a motion for summary judgment and consider

matters presented outside the pleadings *if* the parties are afforded a reasonable opportunity to respond to such matters in accordance with Rule 56(c) and (e) of the South Carolina Rules of Civil Procedure."). However, prior to referencing Barnes's response to the court's email, the circuit court found Fender did not properly plead either damages or that Barnes committed an unlawful act or a lawful act by unlawful means. Thus, as discussed below, dismissal of Fender's civil conspiracy claim against Barnes under Rule 12(b)(6) was proper without reference to the email response Barnes provided.[1]

2. The circuit court properly granted Barnes's motion to dismiss pursuant to Rule 12(b)(6) because Fender failed to properly plead that Barnes committed an unlawful act (or a lawful act by unlawful means), an essential element of a civil conspiracy claim. *See Spence*, 368 S.C. at 116, 628 S.E.2d at 874 ("Under Rule 12(b)(6), SCRCP, a defendant may move to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action."); *id.* ("A motion to dismiss under Rule 12(b)(6) should not be granted if facts alleged and inferences reasonably deducible therefrom entitle the plaintiff to relief under any theory."). Only Hoffman and Fender—not Barnes—were parties to the confidential settlement agreement; Fender theorized Hoffman must have revealed the details of the settlement to Barnes with the expectation that Barnes would then reveal those details to a third party. As Barnes was neither a party to the confidential settlement agreement nor Hoffman's attorney in negotiating the agreement, Barnes could not commit an unlawful act (or a lawful act by unlawful means) by disclosing information about a confidential settlement agreement to which he was not bound. Fender further claimed Barnes and Hoffman committed fraud by entering the settlement agreement with a plan to divert some or all of the funds Fender expected to receive; however, Barnes had no relationship with Fender such that he could have made the required false representation to him. *See Schnellmann v. Roettger*, 373 S.C. 379, 382, 645 S.E.2d 239, 241 (2007) (explaining two of the elements necessary to state a cause of action for fraud are (1) a representation of fact and (2) its falsity).[2] And, it is undisputed that Hoffman paid the funds addressed in the

---

[1] We note neither party objected to the email inquiries from the circuit court or to Barnes's response to the court's inquiry. The circuit court also requested a copy of the confidential settlement agreement which, although referenced throughout the amended complaint, was not attached as an exhibit. Fender's counsel promptly complied with the circuit court's request and emailed the requested copy.

[2] The circuit court also found Fender failed to properly plead he was damaged because he admitted the challenged portion of settlement funds was used to satisfy

settlement agreement. It was unnecessary that the circuit court consider Barnes's email in reaching this conclusion. *See Higgins*, 326 S.C. at 602, 486 S.E.2d at 274 ("An error in conversion is harmless 'if the dismissal can be justified under Rule 12(b)(6) without reference to matters outside of the plaintiff's complaint.'" (quoting *Brown*, 63 F.3d at 970)).[3]

**AFFIRMED.**

**KONDUROS, MCDONALD, and HEWITT, JJ., concur.**

---

his legitimate debt to the Bank of Greeleyville and this was a material benefit to Fender. Because we affirm based on the circuit court's finding that Fender failed to state a claim that Barnes committed an unlawful act or a lawful act by unlawful means, we decline to address the circuit court's finding as to the damages element necessary for a civil conspiracy claim. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address remaining issues where a prior issue was dispositive).

[3] At oral argument, Fender admitted he did not contend Barnes's revealing of the settlement to the Bank of Greeleyville's counsel was unlawful; he simply sought to challenge the means by which Barnes learned of the confidential settlement. But to us, this alleges a claim against Hoffman, not Barnes. Fender also did not dispute (1) that the settlement was recorded in the public index; (2) that the Bank of Greeleyville was Fender's legitimate creditor; or (3) that Barnes was not a party to the confidential settlement agreement. In sum, we agree with the circuit court that the "facts alleged and inferences reasonably deducible" from Fender's amended complaint do not entitle him to relief against Barnes. *See Stiles v. Onorato*, 318 S.C. 297, 300, 457 S.E.2d 601, 602 (1995) (holding "an attorney may be held liable for conspiracy where, in addition to representing his client, he breaches some independent duty to a third person or acts in his own personal interest, outside the scope of his representation of the client").